IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR MENDOZA DOMINGUEZ,

      Petitioner,

v.                                      No. 2:26-cv-01805-KG-KK

MARY DE ANDA-YBARRA, et al.,

      Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Oscar Mendoza Dominguez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Petitioner proceeds pro se. Doc. 1 at 1. For the reasons below, the Court denies the petition.

### I.    *Background*

Petitioner, a native and citizen of El Salvador, entered the United States in 2021 without inspection or parole. Doc. 6 at 2. For the two years prior to his arrest, he resided in Irving, Texas with his partner and children. Doc. 1 at 89. He has two arrests for driving under the influence. *Id.* at 20; *see also* Doc. 6 at 2.

On June 22, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner after he ran from them during a vehicle immigration inspection stop near Alamogordo, New Mexico. Doc. 6 at 2. He is now detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 89.

On March 26, 2026, an immigration court considered Petitioner for release on immigration bond. Doc. 6 at 3. The immigration judge denied Petitioner bond for jurisdictional grounds and because Petitioner is a danger to the community. *Id.*; *see also* Doc. 6-5.

1

On March 27, 2026, an immigration court denied Petitioner's application for withholding of removal and protection under the Convention on Torture and ordered him removed to El Salvador.  Doc. 6 at 3.  Petitioner filed an appeal of that decision with the Board of Immigration Appeals ("BIA"), which remains pending.  *Id.*

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention."  *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

## III.   *Analysis*

As an initial matter, § 1226 governs Petitioner's detention.  Petitioner has lived in the United States for years and was not arrested at a port of entry or near the border.  Doc. 6 at 3.

His appeal remains pending in front of the BIA. *Id.* He therefore was not seeking admission at the time of his arrest.

The Court nonetheless declines to grant relief because Petitioner received a bond hearing. At that hearing, the IJ considered the record and found that Petitioner failed to carry his burden of showing he is not a danger to the community. Doc. 6-5 at 1. That is all § 1226 requires. This case is unlike those in which an IJ refuses to hold a bond hearing or refuses to reach the merits. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.); *Melendez Aldarozo v. Noem*, 2026 WL 735379, at *1 (D.N.M.). Here, the IJ held a hearing and decided the issue.

## IV.    *Conclusion*

The Court denies the Petition, Doc. 1. To the extent Petitioner challenges the IJ's discretionary denial of bond, that challenge is properly directed to the BIA.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.